UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STANFORD PAUL BRYANT, | ) | Case No. CV 16-1838-CAS (SP) |
| Petitioner, | ) | MEMORANDUM AND ORDER |
| | ) | SUMMARILY DISMISSING HABEAS |
| v. | ) | CORPUS PETITION |
| | ) | |
| | ) | |
| CONNIE GIBSON, Warden, | ) | |
| Respondent. | ) | |
| | ) | |

**I.**

**INTRODUCTION**

On March 17, 2016, petitioner Stanford Paul Bryant filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition").  Petitioner challenges his 1989 conviction and 1990 sentence for murder in the Los Angeles County Superior Court.

The Petition raises one claim for relief: that the trial court exceeded its jurisdiction in imposing an illegal and unconstitutional sentence on petitioner, in

1

that petitioner's conviction and sentence were not supported by adequate findings by the jury.  Petitioner argues he was recently prejudiced by the trial court's error in 1989-90, when in 2015 the Los Angeles County Superior Court upheld California Governor Edmund G. Brown, Jr.'s (the "Governor") reversal of the California Board of Parole Hearing's ("BPH") recommended grant of parole to petitioner.  In particular, petitioner argues both the Governor's denial of parole and the Superior Court's decision were based on unreasonable determinations of fact regarding the legality of the underlying sentence petitioner received in 1990.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the instant Petition and finds that it plainly appears from its face that petitioner is not entitled to relief in this Court.  Specifically, any challenge to the parole denial is not cognizable, and the Petition is otherwise barred as impermissibly successive and untimely.  As such, the Petition will be dismissed.

## II.

## PROCEDURAL HISTORY

On November 8, 1989, petitioner was convicted after a jury trial of second degree murder, in violation of California Penal Code § 187(a), in Los Angeles County Superior Court in case number A648829.  Pet. at 2.[1]  On February 13, 1990, petitioner was sentenced to 15 years to life in prison.  *Id*.

Petitioner directly appealed his conviction to the California Court of Appeal,

---

[1]     The Petition consists of a standard form petition with unnumbered pages inserted between some of the form's numbered pages, plus an attached memorandum also titled Petition for Writ of Habeas Corpus by a Person in State Custody.  To avoid confusion, the Court references all the pages within the composite Petition by the page numbering supplied by the Court's electronic case filing system.

in case number B048982, and that court denied petitioner's appeal on November 27, 1991. *Id.* at 2-3; Official Records of California Courts.[2] Petitioner did not file a petition for review in the California Supreme Court. Pet. at 3.

On July 16, 1997, petitioner filed a habeas petition in Los Angeles County Superior Court, and according to the instant Petition, that court denied his petition the same day. *Id.* at 3-4. On October 22, 1997, petitioner filed a habeas petition in the California Court of Appeal. *Id.* at 4. The Court of Appeal denied his petition on October 31, 1997. *Id.* On November 18, 1997, petitioner filed a habeas petition in the California Supreme Court, and that court summarily denied the petition on May 27, 1998. *Id.* at 4-5.

On June 12, 1998, in case number CV 98-4767-CAS (SH), petitioner filed a habeas petition in this Court, challenging the same judgment he challenges in the instant Petition. On October 14, 1998, the Court dismissed the habeas petition in that case with prejudice.[3] *See* CV 98-4767-CAS (SH), docket no. 21. According to a subsequent order in the case denying a motion for relief under Fed. R. Civ. P. 60(b), the Court dismissed the petition in that case as untimely. *Id.*, docket no. 48 at 3.

After failing to obtain relief in this federal Court, petitioner returned to the state courts. According to petitioner, he filed nineteen additional habeas petitions in various state courts between 2002 and 2015, consisting of seven petitions filed

_____

[2]   The Court takes judicial notice of the state appellate court records for petitioner's case, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[3]   A federal court may take judicial notice of its own records in other cases. *U.S. v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

3

in Los Angeles County Superior Court, six filed in the California Court of Appeal, and six filed in the California Supreme Court. Pet. at 6-9. All of these petitions were denied. *Id.*

In the midst of all the state petitions, on June 30, 2010, in case number CV 10-5137-CAS (SH), petitioner filed another habeas petition in this Court challenging the same judgment he challenges here. On November 30, 2012, the Court again dismissed the petition with prejudice, finding it impermissibly second or successive. *See* CV 10-5137-CAS (SH), docket nos. 61, 62; *see also id.*, docket no. 60.

Petitioner filed the instant Petition on March 17, 2016. In an Order to Show Cause ("OSC") in this case, issued March 22, 2016, this Court explained that the Petition appeared to be successive, as petitioner had previously filed federal habeas petitions and had not received authorization from the Ninth Circuit to file the instant Petition. OSC at 3-4. Absent that authorization, the Court explained that the Antiterrorism and Effective Death Penalty Act ("AEDPA"), specifically 28 U.S.C. § 2244(b), bars his Petition. *Id.* Additionally, the Court noted the Petition appeared untimely under AEDPA's one-year statute of limitations found in 28 U.S.C. § 2244(d)(1). *Id.* at 2-3.

On April 15, 2016, petitioner filed a response to the OSC ("OSC Response"). The OSC Response attaches the September 21, 2015 order from the Los Angeles County Superior Court upholding the Governor's reversal of the BPH's decision to grant petitioner parole.

### III.

### DISCUSSION

As set forth above, the Court's March 22, 2016 OSC afforded petitioner a chance to explain whether the Ninth Circuit had authorized the filing of a

1   successive habeas petition, and whether petitioner believed he had a basis for a

2   later start date of the limitation period, or for statutory or equitable tolling.  OSC

3   at 2-3.  Petitioner's April 15, 2016 OSC Response did not address whether the

4   Petition is successive, nor did it address any issues of timeliness.  Instead,

5   petitioner argues that his sole claim for relief in the Petition – that his original

6   sentence imposed in 1990 is illegal and unconstitutional – constitutes "an intrinsic

7   challenge" to the findings made by both the Governor and Superior Court in

8   denying and upholding the denial of parole for petitioner.  *See* OSC Response at 1.

9        For the reasons that follow, the Court disagrees the Petition constitutes such

10  a challenge, and even if it did, such a challenge would not be cognizable.  Further,

11  the claim actually raised in the Petition is barred, as the Petition is impermissibly

12  successive and untimely.

13  **A.    Any Challenge to the Parole Denial Is Not Cognizable**

14       The Petition asserts only one ground for relief.  Petitioner claims the "trial

15  court acted in excess of it's [sic] jurisdiction in imposing an illegal sentence of 15

16  years to life," and that petitioner's sentence is "unauthorized and in violation of the

17  Sixth and Fourteenth Amendments to the United States Constitution."  Pet. at 5,

18  18.  Throughout the memorandum attached to the Petition, petitioner continually

19  presses his argument that the trial court erred in sentencing him without sufficient

20  findings by the jury to support his conviction and sentence.  *See id.* at 18-25, 27-

21  28.  Petitioner's claim depends entirely on what occurred at his trial and sentencing

22  in 1989-90.

23       In a few spots, however, the Petition's memorandum also references the Los

24  Angeles County Superior Court's September 21, 2015 decision upholding the

25  Governor's reversal of the BPH's grant of parole to petitioner.  Petitioner contends

26  the Superior Court "failed in its duty to review the entire trial court records" prior

27

28                                    5

to finding petitioner is "currently serving an indeterminate prison sentence that was lawfully imposed at the time of his conviction." Pet. at 15.  Petitioner argues that because the trial court erred, he was prejudiced when the BPH fixed his base term for parole consideration and when the Governor denied him parole and the Superior Court upheld the denial, because all those determinations relied on his erroneous conviction and sentence. *Id.* at 26, 28.

In short, petitioner's sole claim for habeas relief is based on alleged trial court error in 1989-90; the only relevance of his recent parole denial is to illustrate how the trial court's alleged error continues to prejudice him.  Although in his OSC Response petitioner attempts to frame his habeas claim as a challenge to the Governor's parole denial and the Superior Court's September 21, 2015 decision upholding the denial, even there petitioner's ultimate contention is that his 1990 sentence is unlawful.  *See* OSC Response at 1-4.  But even if the sole claim in the Petition could be construed as a challenge to the procedures by which petitioner's parole was denied (in addition to being a challenge to petitioner's underlying conviction and sentence), petitioner would not be entitled to federal habeas relief for the parole denial claim.

In 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that had supported habeas review in California cases involving denials of parole by the BPH and/or the Governor. *See Swarthout v. Cooke*, 562 U.S. 216, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011).  The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. *Id.* at 220.  Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are

provided.  *Id.* at 220-21.

Indeed, the Supreme Court stated federal due process protection for such a state-created liberty interest is "minimal," the determination being whether "the minimum procedures adequate for due-process protection of that interest" have been met.  *Id.*  The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied.  *Id.* (citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979)); *see Miller v. Oregon Bd. of Parole and Post-Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in *Cooke* that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision.").  This procedural inquiry is "the beginning and the end of" a federal habeas court's analysis of whether due process has been violated when a state prisoner is denied parole.  *Cooke*, 562 U.S. at 220.

The Ninth Circuit has acknowledged that after *Swarthout v. Cooke*, substantive challenges to parole decisions are not cognizable for purposes of habeas review.  *See Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011) ("Stated otherwise, there is no substantive due process right created by California's parole scheme.").

Petitioner makes no allegation in the Petition to indicate that he did not receive at least the amount of process required under *Cooke*.  In fact, petitioner indicates he was afforded an opportunity to be heard before the BPH panel on February 4, 2015, where he explained that he is innocent of his underlying murder conviction.  *See* Pet. at 15-16.  Moreover, petitioner quotes from and provides citations to the Governor's June 5, 2015 decision reversing the BPH recommended

grant of parole, though petitioner did not attach the Governor's denial of parole as an exhibit to this Petition. *See id.* at 16. Petitioner does the same with the Superior Court's September 21, 2015 decision upholding the Governor's reversal, and attaches that decision to his OSC Response. *See id.* at 15-16; OSC Response, Ex. A. Thus, it is clear petitioner was provided with a "statement of the reasons why parole was denied" as required by *Cooke*. *See Cooke*, 562 U.S. at 220 (citations omitted). Because the "Constitution . . . does not require more," any claim of a constitutional violation arising out of petitioner's denial of parole is not cognizable for purposes of federal habeas review. *See id.* (citation and internal quotation marks omitted).

**B.      The Court Lacks Jurisdiction Over This Successive Petition**

Though the Petition makes references to petitioner's recent denial of parole, as discussed, the Petition primarily consists of a renewed challenge to petitioner's underlying conviction and sentence. Because this is the third time petitioner has sought relief from this Court from his conviction and sentence, the Court finds the Petition impermissibly successive.

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. *Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996); *see also Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of

proper authorization from a court of appeals.  *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing *U.S. v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998)).

The provision applies where there has been a decision on the merits, as opposed to a decision on technical or procedural grounds.  *Slack v. McDaniel*, 529 U.S. 473, 485-487, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).  Dismissal of a petition for untimeliness constitutes a decision on the merits that "renders subsequent petitions second or successive" under AEDPA.  *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009).

A claim in a second or successive habeas petition that was not previously presented may be considered if the petitioner shows the claim relies on a new rule of constitutional law that has been made retroactively applicable, or that the factual predicate for the claim could not have been discovered previously through the exercise of reasonable diligence and such facts are sufficient to show no reasonable factfinder would have found the petitioner guilty but for the constitutional error. 28 U.S.C. § 2244(b)(2).  But a petitioner is still required to seek authorization from the court of appeals in order to have the district court consider the petition. 28 U.S.C. § 2244(b)(3)(A), *see also Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1030 (C.D. Cal. 2003) ("[T]o the extent that petitioner would like to try to show that he falls within one of the exceptions to dismissal of successive habeas petitions, 28 U.S.C. § 2244(b)(2)(B), he must first present any such claim to the Court of Appeals rather than to this Court.").

As set forth above, on June 12, 1998, in case number CV 98-4767-CAS (SH), petitioner filed a habeas petition in this Court, challenging the same judgment he challenges here.  The Court dismissed that petition with prejudice as untimely.  *See* CV 98-4767-CAS (SH), docket nos. 21, 48.  On June 30, 2010, in

case number CV 10-5137-CAS (SH), petitioner filed another habeas petition in this Court challenging the same judgement.  The Court again dismissed the petition with prejudice, finding it second or successive.  *See* CV 10-5137-CAS (SH), docket nos. 60, 61, 62.

As the Court noted in its March 22, 2016 OSC, petitioner makes no showing that the claim he raises meets either of the exceptions in § 2244(b)(2).  He cites no new rule of constitutional law, and it is apparent that the factual predicates of the claim, which concern petitioner's underlying conviction and sentence along with trial matters like jury instructions, were known at the time of his trial.  *See* Pet. at 5.  Petitioner's response to the Court's March 22, 2016 OSC offers no explanation that alters this determination.

Moreover, even if petitioner's claim falls under one of the § 2244(b)(2) exceptions, the instant Petition would still be impermissibly successive because there is no indication petitioner obtained permission from the United States Court of Appeals for the Ninth Circuit to file a successive petition, as required by § 2244(b)(3)(A).  Accordingly, the instant Petition is in fact an unauthorized successive habeas petition.  Unless and until the Ninth Circuit authorizes the filing of a new habeas corpus petition, this Court lacks jurisdiction to consider the merits of petitioner's claim.  *See Burton*, 549 U.S. at 157.  As such, this Petition must be dismissed.

**C.    <u>The Petition Is Also Time-Barred</u>**

AEDPA mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003).  After the one-year limitation period expires, the

10

prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).

To assess whether a petition is timely filed under AEDPA, it is essential to determine when AEDPA's limitation period starts and ends. By statute, AEDPA's limitation period begins to run from the latest of four possible events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Ordinarily, the starting date of the limitation period is the date on which the judgment becomes final after the conclusion of direct review or the time passed for seeking direct review. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

AEDPA may also allow for statutory tolling or equitable tolling. *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002). But "a court must first determine whether a petition was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied." *Id.*

1    In this case, since petitioner did not file a petition for review with the

2  California Supreme Court, the judgment became final on January 6, 1992 – forty

3  days after the California Court of Appeal affirmed his conviction on November 27,

4  1991 – when his time to file a petition for direct review in the California Supreme

5  Court expired.  *See* Pet. at 2-3; Cal. Rules of Court 8.366(b)(1), 8.500(e)(1); *see*

6  *also Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008).  Thus, AEDPA's one-year

7  limitation period expired on January 6, 1993.

8    Because petitioner did not file his first state habeas petition until more than

9  four years later, in July 1997, petitioner is not entitled to statutory tolling.  *See*

10  *Johnson v. Lewis*, 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004) ("in order to

11  qualify for statutory tolling during the time the petitioner is pursuing collateral

12  review in the state courts, the prisoner's state habeas petition must be

13  constructively filed *before*, not after, the expiration of AEDPA's one-year

14  limitations period"); *see also Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001)

15  (petitioner not entitled to statutory tolling for state habeas petition filed "well after

16  the AEDPA statute of limitations ended").

17    From the record before this Court, it does not appear that petitioner is

18  entitled to a later start date of the limitation period under §§ 2244(d)(1)(B)-(D),

19  and petitioner makes no contention otherwise in his OSC Response.  Petitioner also

20  does not argue for equitable tolling, and the Court finds no basis for equitable

21  tolling in the record before it.  *See Holland v. Florida*, 560 U.S. 631, 649, 130 S.

22  Ct. 2549, 177 L. Ed. 2d 130 (2010) (equitable tolling is appropriate when

23  "extraordinary circumstances" beyond petitioner's control make it impossible to

24  file a petition on time).

25    Petitioner makes reference to his "ultimate claim of innocence."  *See* OSC

26  Response at 3.  "[A] credible claim of actual innocence constitutes an equitable

27

28                                          12

exception to AEDPA's limitation period." *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011); *accord McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013).  But to establish a claim of actual innocence, a petitioner must establish his actual factual innocence of the crime, not mere legal insufficiency.  *See Bousley v. U.S.*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998).  Petitioner does nothing to show or even argue his factual innocence here.  Instead, he argues his conviction and sentence as an aider and abettor was based on legal error.

Accordingly, the one-year limitation period applicable to this case expired on January 6, 1993.  As such, the instant Petition filed on March 17, 2016 is untimely by more than 23 years.  The Petition is therefore time-barred and must be dismissed with prejudice.

## IV.

## ORDER

IT THEREFORE IS ORDERED that Judgment be entered summarily dismissing the Petition and this action with prejudice.

DATED: May 25, 2016

HONORABLE CHRISTINA A. SNYDER
United States District Judge

Presented by:

SHERI PYM
United States Magistrate Judge

13